# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, aka, CARREA CHRISTOPHER,<br><br>Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Respondents. | Case No. 24-cv-0982-MMA (JLB)<br><br>**ORDER:**<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>[Doc. No. 1]<br><br>**DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

Petitioner Christopher Carrea, ("Petitioner" or "Carrea"), aka, Carrea Christopher,[1] is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. Carrea pleaded guilty to assault with a deadly weapon and corporal injury to a spouse or roommate in San Diego Superior Court case no. SCD287138, and he challenges that conviction in this Petition. *Id.* The Court has read and considered the Petition, the Answer and Memorandum of Points and Authorities in

---

[1] *See* Doc. No. 10-4 at 3 (All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system).

Support of the Answer [Doc. Nos. 9–10], the lodgments and other documents filed in this case, and the legal arguments presented by both parties.[2] For the reasons discussed below, the Court **DENIES** the Petition and **DISMISSES** the case with prejudice. The Court also **DECLINES** to issue a Certificate of Appealability.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) (West 2006); *see also Greene v. Henry*, 302 F.3d 1067, 1072 (9th Cir. 2002) ("Under the AEDPA, we are required to 'defer to state court findings of fact unless based on an unreasonable determination of the facts in light of the evidence presented' in the state court proceedings."). Carrea pleaded guilty to the charges for which he was convicted, and so the following facts are taken from the preliminary hearing transcript.

Marylou De Los Santos was in a dating relationship with Carrea. Doc. No. 10-2 at 6. On June 23, 2020, De Los Santos got into her car and tried to leave the residence where she and Carrea lived because she was afraid of him. *Id.* at 12–13. Carrea ran out of the residence and stood in front of De Los Santos's car, preventing her from leaving. *Id.* 16. Carrea then picked up a brick and threw it twice at the driver's side windshield, shattering it and injuring De Los Santos. *Id.* at 17–20, 23. De Los Santos called police. *Id.* at 26. Police interviewed Carrea several days later. *Id.* at 66. Carrea admitted to police he threw the brick at the windshield, but said he did so because he felt his life was in danger. *Id.*

---

[2] Carrea was given the opportunity to file a Traverse by October 11, 2024, but has failed to do so. *See* Doc. No. 8 at 2–3.

## II. ANALYSIS

### A. Legal Standard

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Andrade*, 538 U.S. at 75 (the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable"). A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id*. The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," the Court must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

**B.    Discussion**

Carrea raises three claims in his Petition. In Grounds One and Two, he contends his trial counsel was ineffective. Doc. No. 1 at 5–7. In Ground Three, Carrea alleges his appellate counsel was ineffective because she did not raise trial counsel's ineffectiveness on appeal. *Id.* at 8. Carrea also alleges in Ground Three that the state appellate court failed to inform him could file a supplemental brief to appellate counsel's *Wende* brief.[3]

Respondent first argues that because Carrea has not named a proper respondent, the Petition should either be dismissed with leave to amend or the Court should substitute the proper respondent. Doc. No. 9-1 at 14. Respondent also contends Carrea's claim that he was not given the opportunity to file a supplemental brief in the state appellate court is unexhausted. *Id.* at 15–18. As to the merits of Carrea's claims, Respondent contends the state court's denial was neither contrary to, or an unreasonable application of, clearly established Supreme Court law. *Id.* at 20 –34.

---

[3] Under *People v. Wende*, 25 Cal. 3d 436 (1979), an attorney may submit an appellate brief notifying the court that he has reviewed the record and has identified no arguable issues for review. *Wende*, 25 Cal. 3d 436. The court must then review the record to determine whether there is any basis upon which to grant relief. *Id.*; *see also Anders v. California*, 386 U.S. 738 (1967).

### 1. *Improper Respondent*

Carrea named the State of California, the County of San Diego, and San Diego County Public Defenders as Respondents in this matter. *See* Doc. No. 1. As Respondent properly notes, "a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). Because Petitioner is on probation, the proper Respondent is Carrea's probation officer or the chief probation officer for San Diego County.

Normally, where a petitioner names an improper respondent, the Court would dismiss the petition without prejudice and with leave to amend for the Petitioner to name the proper respondent. In the alternative, however, if granting leave to amend would be futile because the petition fails on the merits, the Court may deny the petition. *See Sethi v. Los Angeles County Sheriffs*, No. 19-cv-4710-AG (E), 2019 WL 4648497, at *5 (C.D. Cal. June 5, 2019) (finding that amending habeas corpus petition to name the proper respondent would be futile and denying habeas corpus petition on the merits), *report and recommendation adopted*, 2019 WL 4643578 (Sept. 22, 2019); *Chacon v. California*, 17-cv-8006-R (KES), 2018 WL 2938660, at *1 (C.D. Cal. Apr. 19, 2018) (finding that amending petition to name proper respondent would be futile because petition was time barred), *report and recommendation adopted*, 2018 WL 2771180 (June 6, 2018); *Bratton v. Federal Courts*, No. 07-cv-0975-AWI (SMS) HC, 2007 WL 2155723, at *1 (E.D. Cal. July 26, 2007) (finding that amending petition to name proper respondent would be futile because petition was dismissed for failure to exhaust), *report and recommendation adopted*, 2007 WL 2769738 (Sept. 20, 2007). Here, it would be futile to grant Carrea leave to amend to name a proper respondent because his Petition fails on the merits, as discussed below. Further, Respondent does not object to the Court substituting the proper Respondent. Accordingly, the Court **DIRECTS** the Clerk of Court to substitute Tamika Nelson, Chief Probation Officer of the San Diego Probation Department as Respondent in place of the current Respondents.

*2. Ineffective Assistance of Trial Counsel (Grounds One and Two)*

In Grounds One and Two, Carrea contends he received ineffective assistance of trial counsel because counsel did not work on his case, and, in order to justify his failure to do so, told the state court judge hearing at the *Marsden*[4] hearing he believed Carrea was guilty. Doc. No. 1 at 5–7. Carrea raised this claim in the habeas corpus petition he filed in the California Supreme Court. Doc. No. 10-15 at 4. The California Supreme Court summarily denied the petition. Doc. No. 10-16. Accordingly, this Court must "look through" to the state appellate court's opinion and determine whether it was contrary to, or an unreasonable application of, clearly established Supreme Court law. *Ylst*, 501 U.S. at 805–06. That court wrote:

> Carrea is not entitled to relief. To establish a claim of ineffective assistance of counsel, the petitioner must show that counsel's decisions were objectively unreasonable and that, but for those decisions, there is a reasonable probability the petitioner would have obtained a better outcome at trial. (*Smith v. Robbins* (2000) 528 U.S. 259, 285 (*Smith*); *Strickland v. Washington* (1984) 466 U.S. 668, 690, 694 (*Strickland*); *People v. Ledesma* (1987) 43 Cal.3d 171, 215–218.) The defendant "must carry his burden of proving prejudice as a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel. [Citation.]" (Ibid.) As to the alleged incompetence of trial counsel, Carrea has not submitted the plea agreement, the transcript of the plea hearing, or any other documents substantiating his allegations that he did not effectively waive his trial-related constitutional rights or that counsel otherwise provided ineffective assistance leading up to the plea agreement. Moreover, the transcript from the *Marsden* hearing establishes that trial counsel provided Carrea with competent representation. According to the transcript, counsel reviewed the contents of Carrea's phone but determined the evidence from the phone would hurt rather than help Carrea's case. Carrea's conclusory allegations that trial counsel was ineffective made without any explanation of their factual bases are insufficient to warrant habeas corpus relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Thus, Carrea has not stated a prima facie claim of ineffective assistance of

---

[4] Under *People v. Marsden*, 2 Cal. 3d 118 (1970), criminal defendants in California may ask the court to discharge their appointed attorney and appoint a new attorney when they believe their right to effective representation is jeopardized.

> trial counsel, and by extension, he has failed to demonstrate any prejudicial deficiency by his appellate counsel.
>
> The petition is denied.

Doc. No. 10-13 at 1–2.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must first show his attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id*. at 686–87.

A petitioner must also show he was prejudiced by counsel's errors. *Strickland*, 466 U.S. at 694. Prejudice can be demonstrated by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.; *see also Fretwell v. Lockhart*, 506 U.S. 364, 372 (1993). A court must find that the likelihood of a different result is substantial, not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). In the context of a guilty plea, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" such that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A successful *Strickland* claim requires a petitioner to establish both defective performance and prejudice. *Strickland*, 466 U.S. at 694. But if a petitioner does not establish he was prejudiced by any errors committed by counsel, a court need not address the deficient performance prong of *Strickland*. *Id*. at 697. When evaluating an ineffective assistance claim under § 2254(d)(1), a federal court's review is "doubly

deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "If 'there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard,' we must deny habeas relief." *Demirdjian v. Gipson*, 832 F.3d 1060, 1066 (9th Cir. 2016) (quoting *Richter*, 562 U.S. at 105)).

At the *Marsden* hearing, Carrea complained his attorney had "failed to present [or] offer any witnesses [on] my behalf at this trial despite the fact that I've given him names," and that his attorney had not spoken to him outside of court to discuss his defense. Doc. No. 1 at 42, 46–54. Carrea also complained counsel had not properly investigated the phone calls and voice mails from De Los Santos Carrea had on his cell phone, which would have contradicted De Los Santos's claims that she had not contacted him since the assault. *Id.* at 49–50. He claimed counsel and the investigator assigned to his case were "constantly looking for things that [are] against me instead of for me," and had failed to locate and interview the favorable witnesses he had provided to counsel. *Id.* at 47.

Contrary to Carrea's claim, the transcript of the *Marsden* hearing shows that counsel did not refuse to investigate Carrea's case because he believed Carrea was guilty. Counsel told the judge at the hearing that he was appointed to represent Carrea in February of 2021. Doc. No. 1 at 43–46. Since that time, he had reviewed all of the discovery, including Carrea's prior domestic violence convictions. *Id.* at 43. He engaged in a plea-bargaining discussion with the district attorney assigned to the case shortly after being appointed, and since that time had "multiple conversations with Mr. Carrea" about his defense. *Id.* at 43–45. He visited the site of the incident, "to get a sense of how this could have happened if the alleged victim was telling the truth or if Mr. Carrea's defense would pan out." *Id.* at 43–44. After consulting with Carrea about the site visit, they "planned a direction of the defense investigation." *Id.* at 44. Counsel had an investigator assigned to Carrea's case who had spent nearly twenty-six investigative hours at the time of the *Marsden* hearing. *Id.* at 44–45. In addition, counsel obtained the downloads of two of Carrea's phones, but concluded they were not helpful to Carrea's defense, and in

fact were harmful. *Id.* at 45–46. After Carrea then claimed, for the first time, that he had additional witnesses which counsel had not contacted; the judge told Carrea to give the names of those individuals to counsel. *Id.* at 51–53. Counsel told the judge he had not been given those names before and that he planned to file a motion to continue the jury trial in order to contact them. *Id.* at 56. The judge ultimately denied the *Marsden* motion. *Id.* at 61.

The state court's conclusion that Carrea had not established the deficient performance prong of the *Strickland* inquiry was not unreasonable. Under *Strickland*, counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The Supreme Court has stated:

> Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill*, 474 U.S. at 59.

The plea bargain Carrea was offered required him to plead guilty to assault with a deadly weapon as a strike, corporal injury on a spouse or roommate, and admit he personally used a deadly weapon. Doc. No. 10-4 at 9–10. In return, he would be sentenced no additional jail time and a suspended sentence of four years. *Id.* at 4. Carrea was facing five years in prison if he was convicted of all of the charges he faced. Doc. No. 10-1 at 25. Having investigated Carrea's case and possible defenses, counsel made a reasonable, strategic decision to recommend that Carrea accept the plea bargain. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Moreover, even if the four witnesses Carrea identified at the *Marsden* hearing could have provided testimony impeaching De Los Santos's credibility, there is no

reasonable likelihood counsel would have changed his recommendation that Carrea plead guilty, nor is there a reasonable likelihood that Carrea would have rejected the plea bargain and gone to trial. At trial, a jury would have been called upon to determine who was telling the truth about the incident. None of the witnesses Carrea offered at the *Marsden* hearing were percipient witnesses to the assault. Doc. No. 1 at 51–53. Further, Carrea had suffered five prior convictions for domestic violence, at least one of which would have been presumptively admissible at trial pursuant to California Penal Code § 1109.[5] This evidence would have weighed in favor of De Los Santos's credibility much more than the four witnesses identified at the *Marsden* hearing, two of which were related to Carrea. Doc. No. 1 at 51–53. Given the high risk of prison time Carrea faced if he was convicted at trial, and the likelihood that the four witnesses would not have affected the outcome of the trial, the state court's determination that Carrea did not establish prejudice under *Strickland* was objectively reasonable. *Hill*, 474 U.S. at 59.

Finally, Carrea claims counsel "became angry with Petitioner because he refused to take a strike for throwing a rock at a car driven at him, walked into court and told the trial judge he believed in the prosecution case . . . ." Doc. No. 1 at 5. Under the Sixth Amendment, counsel has a duty of loyalty to his client and an "overarching duty to advocate the defendant's cause." *Nix v. Whiteside*, 475 U.S. 157, 166 (1986) (quoting *Strickland*, 466 U.S. at 688)). However, nowhere in the transcript of the *Marsden* hearing does counsel state that he believed the prosecution's case over his client's. Counsel simply told the judge that, given his experience trying over a hundred jury trials, he had "a sense of what turns juries on and what doesn't turn juries on," which led him to conclude a jury would likely find De Los Santos's version of events more believable than

---

[5] California Penal Code § 1109 states, in pertinent part: "(a)(1) Except as provided in subdivision (e) or (f), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352."

Carrea's. Doc. No. 1 at 46. Counsel's honest assessment of the strength of the defense case is a vital part of his duty of loyalty to his client.

Given the "doubly deferential" standard this Court must employ in its review of an ineffective assistance of counsel claim, *Knowles*, 556 U.S. at 123, the Court concludes the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Bell*, 535 U.S. at 694; *see also Demirdjia*, 832 F.3d at 1066 (stating that "[i]f 'there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard,' we must deny habeas relief.")

### 3. Ineffective Assistance of Appellate Counsel (Ground Three)

Carrea separately claims in Ground Three that his appellate counsel was ineffective because he "refused to raise [the] issue petitioner wanted[,] defending his coworker attorney only instead of petitioner." Doc. No. 1 at 6. Carrea raised this claim in the habeas corpus petition he filed in the California Supreme Court. Doc. No. 10-15 at 4. The California Supreme Court summarily denied the petition. Doc. No. 10-16. Accordingly, this Court must "look through" to the state appellate court's decision denying Carrea's habeas corpus petition. *Ylst*, 501 U.S. at 805–06. The California Court of Appeal concluded that because Carrea had failed to establish trial counsel was ineffective, his claim that appellate counsel was ineffective for failing to raise that claim also failed. Doc. No. 10-13 at 2.

Ineffective assistance of appellate counsel claims are subject to the standard of review announced in *Strickland*. In the context of appellate counsel, a petitioner must show that "counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them," and show "a reasonable probability that, but for his counsel's unreasonable failure . . . , he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000); *see also Fretwell v. Lockhart*, 506 U.S. 364, 372 (1993).

As discussed above, trial counsel was not ineffective for failing to investigate Carrea's case or because he told the state court judge he believed the prosecution's case against Carrea, nor was Carrea prejudiced because there is not a reasonable probability of

a different outcome. *Strickland*, 466 U.S. at 688, 694. Therefore, there is no reasonable likelihood that he would have prevailed on appeal had appellate counsel raised an ineffective assistance of counsel claim. *Smith*, 528 U.S. at 285–86. Accordingly, the state court's denial of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law. *Bell*, 535 U.S. at 694.

*4. Carrea's Right to File a Supplemental Brief (Ground Three)*

Under *Anders* and *Wende*, a defendant must be told that he may submit a supplemental appellate brief of his own to the court. *Anders*, 386 U.S. at 744; *Wende*, 25 Cal. 3d at 440. As a part of Ground Three, Carrea claims the state appellate court did not inform him he could file his own, separate brief to the Court in addition to the *Wende* brief submitted by counsel. Doc. No. 1 at 8.

As Respondent notes, this claim is unexhausted, but the Court may nevertheless "deny an unexhausted claim on the merits where 'it is perfectly clear that the applicant does not raise even a colorable federal claim.'" *Cassett v. Stewart*, 406 F.3d 614, 623 (9th Cir. 2005). Carrea's claim that he was never told he could file his own brief is meritless. As Respondent points out, the California Court of Appeal notified Carrea of his right to file his own brief, and Carrea did so. *See* Doc. Nos. 10-8, 10-10. The state appellate court noted in its opinion that it had considered Carrea's brief. Doc. No. 10-10 at 3. Accordingly, because 'it is perfectly clear that the applicant does not raise even a colorable federal claim,'" the claim is denied. *Cassett*, 406 F.3d at.

## V. CONCLUSION

The Court **DIRECTS** the Clerk of Court to substitute Tamika Nelson, Chief Probation Officer for the San Diego County Probation Department, as Respondent in place of the current Respondents.

For the foregoing reasons, the Petition is **DENIED** in its entirety. Rule 11 of the Rules Following 28 U.S.C. § 2254 require the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West 2019). A COA will issue when the petitioner makes a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes Carrea has not made the required showing, and therefore a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 12, 2024

HON. MICHAEL M. ANELLO
United States District Judge